22-945-cv
605 Fifth Prop. Owner, LLC v. Abasic, S.A.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand twenty-three.

PRESENT:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

**605 Fifth Property Owner, LLC,**

>*Plaintiff-Appellee*,

v.                                                   22-945, 22-3195

**Abasic, S.A., FKA Abasic, S.L.,**
>*Defendant-Appellant.*

_____

FOR PLAINTIFF-APPELLEE:                   JAY B. SOLOMON, Belkin Burden Goldman, LLP, New York, NY.

FOR DEFENDANT-APPELLANT:                   JAMES H. HULME, Washington, DC (Eric Roman, New York, NY, *on the brief*), ArentFox Schiff LLP.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Abasic, S.A. ("Abasic") appeals from the district court's March 8, 2022 denial of Abasic's motion for summary judgment and grant of Plaintiff-Appellee 605 Fifth Property Ownership, LLC ("605 Fifth")'s cross-motion for summary judgment. 605 Fifth leased a property to NTS W. USA Corp. ("NTS"), a wholly owned subsidiary of Abasic. 605 Fifth and Abasic entered a separate guaranty agreement (the "Guaranty"), under which Abasic agreed "unconditionally and irrevocably" to guarantee "the full amount" of NTS's "obligations under the Lease, including without limitation Tenant's obligation to pay Rent." Joint App'x at A-115 to -116. Following the COVID-19 pandemic, NTS filed for Chapter 11 bankruptcy and initiated an adversary proceeding against 605 Fifth seeking to avoid its obligations under the lease based on impossibility and frustration of purpose. The bankruptcy court and district court rejected NTS's arguments, and we affirmed on appeal. *See In re NTS W. USA Corp.*, No. 21-2240, 2022 WL 10224963 (2d Cir. Oct. 18, 2022). 605 Fifth separately sued Abasic, arguing that Abasic breached the Guaranty. The district court denied Abasic's motion for summary judgment and granted 605 Fifth's cross-motion for summary judgment, concluding that the Guaranty waives Abasic's right to raise defenses to liability, and, in any event, Abasic's defenses "fail on the merits." Special App'x at SPA-10. On appeal, Abasic argues that the district court erred because (1) the Guaranty does not preclude its defenses against liability under the Guaranty,

(2) NTS's Chapter 11 Reorganization Plan (the "Plan") contains a third-party release that extinguishes Abasic's obligations under the Guaranty, and (3) frustration of purpose and impossibility excuse Abasic's obligations under the Guaranty. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021).

The district court did not err by holding that 605 Fifth "met its burden on summary judgment to enforce the Guarantee," and Abasic's defenses are thus waived. Special App'x at SPA-10. "On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty."[1] *City of New York v. Clarose Cinema Corp.*, 256 A.D.2d 69, 71 (1st Dep't 1998). "Guaranties that contain language obligating the guarantor to payment without recourse to any defenses or counterclaims, i.e., guaranties that are 'absolute and unconditional,' have been consistently upheld by New York courts." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 36 N.E.3d 80, 85 (N.Y. 2015). "Absolute and

---

[1] The Guaranty contains an express choice-of-law provision selecting New York law, so New York law governs this dispute. *See Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000).

unconditional guaranties have in fact been found to preclude guarantors from asserting a broad range of defenses," including "claims of release." *Id.* (cleaned up).

Under the Guaranty, Abasic's liability is "continuing, absolute, and unconditional . . . under any and all circumstances . . . without regard to the genuineness, validity, regularity or enforceability of the Lease." Joint App'x at A-116. And as neither party disputes, NTS failed to pay rent and Abasic in turn refused to perform under the Guaranty. *See* Special App'x at SPA-6. The Guaranty also contains a waiver of defenses: "Guarantor [Abasic] shall not be entitled to claim, and irrevocably covenants not to raise or assert, any defense . . . against the Guarantied Obligations that would or might be available to Tenant [NTS], other than actual payment and performance of all Guarantied Obligations in full in accordance with their terms." Joint App'x at A-116. So under its unqualified language, the Guaranty is enforceable, and its waiver is broad enough to preclude the defenses Abasic has raised based on release, frustration, and impossibility.[2] *See Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 188 F.3d 31, 36 (2d Cir. 1999).

Abasic's arguments to the contrary are unpersuasive. First, Abasic relies on *Walcutt v. Clevite Corp.*, 191 N.E.2d 894 (N.Y. 1963), but the guarantor in that case sought to invalidate the agreement based on nonperformance, which is inapposite. In *Walcutt*, the New York Court of Appeals held that "a guarantor, when sued alone by the creditor, can successfully resist by showing that the creditor, on his part, totally failed to perform his obligations to the principal. In other

---

[2] Although *Compagnie Financiere* related to a release defense based on the "release of the primary debtor," not a release of the guarantor, Abasic does not argue that this distinction is meaningful, and we thus do not decide whether a third-party release of the guarantor creates a defense distinct from a release of the underlying debt.

4

words, the guarantor may always assert a total failure of consideration . . . because the guarantor is not liable unless the principal is bound." *Id.* at 897. Here, Abasic does not allege that 605 Fifth failed to fulfill its obligations under the lease agreement or that the underlying lease is void. Even though NTS's obligations under the lease were discharged in bankruptcy, the Guaranty provides that Abasic "waives any defense . . . based on the proposition that a guarantor's liability cannot exceed the liability of the principal." Joint App'x at A-117. Moreover, unlike this case, "the guaranty in *Walcutt* was not unconditional and did not contain a waiver of defenses." *Plaza Tower LLC v. Ruth's Hosp. Grp., Inc.*, 126 A.D.3d 579, 579 (1st Dep't 2015).

Second, Abasic has not shown that the Plan's third-party release functions as an implied modification or abrogation of the Guaranty. Abasic argues that the Plan effectively abrogates the Guaranty because the Plan "clearly, unambiguously, and as a matter of law, constitutes a release of all claims based on, relating to, or arising from NTS's lease, including, without limitation, the present action against ABASIC for breach of the Guaranty." Appellant's Br. at 16. Abasic does not argue, however, that its defense based on the third-party release falls outside the Guaranty's waiver of defenses, either because it was not a defense based on the greater liability of Abasic than NTS, or because it was not a defense "available to Tenant." Joint App'x at A-116. We thus limit our review to resolving the issue as presented. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (noting that under the party-presentation principle, "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present"). Contrary to Abasic's argument that the third-party release abrogates the Guaranty, the Guaranty references its continuing enforceability even in the face of an "Insolvency Proceeding"— defined as "any insolvency, bankruptcy, reorganization, liquidation, or like proceeding, or other

statute or body of law relating to creditors' rights, whether brought under state, federal, or foreign law." Joint App'x at A-115. Moreover, Abasic's argument is premised on the notion that the "guarantor is not liable unless the principal is bound," Appellant's Br. at 20, but the Guaranty waives all defenses "based on the proposition that a guarantor's liability cannot exceed the liability of the principal," Joint App'x at A-117. We conclude that the Guaranty is enforceable, and Abasic's defenses based on the release, impossibility, and frustration of purpose are thus waived. So we do not reach the merits of those defenses. Nor do we decide whether 605 Fifth consented to the Plan's third-party release or whether the release is enforceable under *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136 (2d Cir. 2005).

We have considered all of Abasic's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6